

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| ERICA A. EVANS, | ) | Case No. | 15-13910-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 13 |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO AVOID LIEN (DKT. # 10) AND
OVERRULING OBJECTION TO CONFIRMATION (DKT. # 31)**

This cause comes before the Court on the *Motion to Avoid Lien on Household Goods under Section 522(F)(1)(B)(i)* (the "Motion")(Dkt. # 10) filed by the debtor Erica Evans (the "Debtor"), and also the *Objection to Confirmation of Chapter 13 Plan* (the "Objection")(Dkt. # 31) filed by Republic Finance (the "Creditor"). The Creditor also filed a *Response* (Dkt. # 21) to the Motion, denying that all of its collateral is subject to lien avoidance under § 522 of the Bankruptcy Code.[1] At the hearing on March 8, 2016, John Sherman appeared on behalf of the Debtor, and John Simpson appeared on behalf of the Creditor. Because the same attorneys had

---

[1] All statutory references are to Title 11, United States Code (the "Bankruptcy Code" or "Code"), unless otherwise noted.

1

appeared recently for the same issue in a different case,[2] the parties chose to rely on the oral argument made on the record in the previous case.

The Court has considered the Motion, the Creditor's Response to the Motion, and the Creditor's Objection. In addition, the Court has considered the record in this case, the arguments of counsel made in the aforementioned *Babb* case, and the applicable law. In this case, the Court must determine whether a riding lawn mower is a household good; more specifically, whether a riding lawn mower is synonymous with a "lawn tractor" and thereby excluded from the Bankruptcy Code's definition of household goods found at § 522(f)(4)(B)(v). For the reasons set forth below, the Court finds that the particular riding lawn mower in question here is not a lawn tractor and is a household good according to § 522(f). As such, this particular lawn mower is exempt and the lien is due to be avoided.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

## II. FACTS

The pertinent facts in this case are brief and undisputed. The Debtor filed her chapter 13 bankruptcy petition on October 30, 2015 (Dkt. # 1). The Debtor later

---

[2] *In re Babb,* Case No. 15-12819-JDW, Hr'g on Motion to Avoid Lien (Dkt. # 12), Nov. 17, 2015. The Court did not reach the merits in the previous case because the parties entered into an agreed order resolving the dispute.

claimed her riding lawn mower as exempt property on *Schedule C – Property Claimed as Exempt* (Dkt. # 9). The lawn mower is a Murray Select 30", 12 HP Briggs & Stratton (the "Riding Mower")(Debtor's Ex. 1, Mar. 8, 2016). This piece of equipment is little more than a glorified push mower, a push mower minus the push. The Riding Mower comes with a seat and steering wheel, but excepting those features, it has the same capabilities as the vast majority of push mowers and is exclusively used for cutting grass. It powers no implements and is not capable of hauling any material weight.

The Debtor then filed the Motion on November 16, 2015, seeking to avoid Republic Finance's lien on the Riding Mower and other various items (Dkt. # 10). The parties have agreed that the Motion will be granted as to all items other than the Riding Mower. The Debtor asserts that the Riding Mower is exempt property under § 85-3-1 of the Mississippi Code. The Debtor further contends that she may avoid liens that are attached to the Riding Mower, up to the value of her exemptions, pursuant to § 522(f)(1)(B)(i). The Creditor concedes that the Riding Mower is exempt under Mississippi law, but argues that it falls under the category of "lawn tractor," which is specifically excluded from the definition of household goods pursuant to § 522(f)(4)(B)(v). The Creditor argues that because the Riding Mower is not a household good, the lien fixed to it may not be avoided.

### III. ANALYSIS

Whether a lien can be avoided is a two part procedure. First, the property must be exempt. 11 U.S.C. § 522(b). Second, the property must be avoidable under

3

§ 522(f). In Mississippi, debtors may exempt one lawn mower, but debtors may avoid the lien on a lawn mower only when the lawn mower falls within a § 522(f) category such as "household goods." Lawn tractors are specifically excluded under § 522(f), but a lawn mower that does not rise to the level of a lawn tractor is generally considered a household good. *See, e.g., First Franklin Fin. v. Yawn (In re Yawn),* 2010 WL 599392, at *3 (Bankr. S.D. Ga. Feb. 5, 2010)(representative of the view taken by the large majority of courts that have addressed this issue).

Although the distinction between a lawn tractor and lawn mower is commonly overlooked, the Bankruptcy Code compels the Court to carefully delineate the two products. The delineation is more than semantics, for it will have a practical effect on a large portion of consumer bankruptcy cases. Whether a riding mower is a lawn tractor could ultimately determine whether the debtor may keep it free and clear after the bankruptcy case has ended, or if the creditor may repossess it post-bankruptcy.

To define the term "lawn tractor" precisely, the Court will first look to the context. The context of a term is vitally important in statutory interpretation and has often led the U.S. Supreme Court to invoke the "'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Util. Air Regulatory Grp. V. E.P.A.,* 134 S.Ct. 2427, 2441 (2014)(citing *FDA v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 133 (2000)(internal quotations omitted)). In this case, that means not only the Bankruptcy Code in general, but also the more specific

context of § 522 exemptions, § 522(f) lien avoidance, and the most immediate context: the definition of household goods. For this reason, the Court begins to interpret "lawn tractor" by first noting the broader context and its implications and then proceeding to the more immediate setting.

### A. Context of the Term "Lawn Tractor"

#### 1. Exemptions in Bankruptcy

When a debtor files a bankruptcy petition, most of the debtor's assets become property of the bankruptcy estate. 11 U.S.C. § 541. An individual debtor may then remove certain property from the estate, and from the reach of his creditors, by claiming that property as exempt. 11 U.S.C. § 522; *Schwab v. Reilly,* 560 U.S. 770, 774 (2010). The trustee cannot liquidate property that is fully exempt under § 522. *See Owen v. Owen* 500 U.S. 305, 308 (1991). Exemptions allow a debtor to maintain a minimal standard of living "so that the debtor is not a ward of society after the bankruptcy." EXEC. OFFICE FOR U.S. TRUSTEES, DEPT. OF JUSTICE, REPORT TO CONGRESS: UTILIZATION OF THE DEFINITION OF HOUSEHOLD GOODS IN 11 U.S.C. § 522(F)(4) AND ITS IMPACT ON DEBTORS AND THE BANKR. COURTS (2007), https://www.justice.gov/sites/default/files/ust/legacy/2011/07/13/Rpt_to_Congress_Household_Goods.pdf. Exemptions are a "fundamental component of an individual debtor's fresh start." *In re Urban*, 361 B.R. 910, 913 (Bankr. D. Mont. 2007), *aff'd,* 375 B.R. 882 (B.A.P. 9th Cir. 2007).

In order to claim exemptions, a debtor must file a list of property claimed as exempt. 11 U.S.C. § 522(l). Rules 4003(a) and 1007 of the Federal Rules of

Bankruptcy Procedure establish the format and information that a debtor must file for the claimed exemptions. The property exempted by a debtor is then considered exempt unless a party in interest objects. *Id*. Section 522(d) lists categories of property that a debtor may claim as exempt (known as the "federal exemptions"), but § 522(b) provides that states may opt-out of the federal exemptions and require the debtor to use the state law exemptions. Mississippi, along with many other states, has opted out, limiting Mississippi debtors to the exemptions provided under Mississippi state law. MISS CODE ANN. § 85-3-2. Mississippi's statute on personal property exemptions provides in pertinent part:

> There shall be exempt from seizure under execution or attachment:
> (a) Tangible personal property of the following kinds selected by the debtor, not exceeding Ten Thousand Dollars ($10,000.00) in cumulative value:
>   (i)    Household goods, wearing apparel, books, animals or crops;
>   (ii)   Motor vehicles;
>   (iii)  Implements, professional books or tools of the trade;
>   (iv)   Cash on hand;
>   (v)    Professionally prescribed health aids;
>   (vi)   Any items of tangible personal property worth less than Two Hundred Dollars ($200.00) each.
> Household goods, as used in this paragraph (a), means clothing, furniture, appliances, one (1) radio and one (1) television, one (1) firearm, **one (1) lawn mower,** linens, china, crockery, kitchenware, and personal effects (including wedding rings) of the debtor and his dependents; however, works of art, electronic entertainment equipment (except one (1) television and one (1) radio), jewelry (other than wedding rings), and items acquired as antiques are not included within the scope of the term "household goods."

MISS. CODE ANN. § 85-3-1(a)(emphasis added). It is clear that lawn mowers are exempt property under Mississippi law. This prevents the trustee from selling the property during the bankruptcy case. When the case is over, however, the creditor may repossess its collateral unless the lien is avoided.

6

### 2. *Lien Avoidance Under § 522(f)*

A lien may only be avoided if the property is: "(1) exempt under state law, and (2) enumerated as an item avoidable under § 522(f)." *In re Thompson*, 263 B.R. 134, 136 (Bankr. W.D. Okla. 2001). More specifically, a debtor can "avoid the fixing of a lien on an interest of the debtor in property to the extent such lien impairs an exemption to which the debtor would have been entitled" when the lien is a judicial lien or a nonpossessory, nonpurchase-money security interest in specific types of property that are listed in § 522(f)(1)(B).

The parties agree that the security interest in the Riding Mower is a nonpossessory, nonpurchase-money security interest (Dkt. # 21). The Bankruptcy Code provides what liens may be avoided; so even where a state, such as Mississippi, has opted-out of the federal exemptions, the federal law still controls lien avoidance. 11 U.S.C. § 522(f). While Mississippi law defines the property that a debtor may claim as exempt, § 522(f) of the Bankruptcy Code determines whether a lien may be avoided on that exempt property. *Maddox v. Barkley* (*Matter of Maddox*), 15 F.3d 1347, 1351 (5th Cir. 1994). Under § 522(f), a lien may only be avoided "to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . ." 11 U.S.C. § 522(f)(1).[3]

Lien avoidance under § 522(f) extends to nonpossessory, nonpurchase-money security interest in the property listed in § 522(f)(1)(B), which includes "household

---

[3] A lien is deemed to impair an exemption if the sum of the following exceeds the value that the debtor's interest in the property would have in the absence of any liens: (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property. 11 U.S.C. § 522(f)(2)(A).

7

goods."[4] 11 U.S.C. § 522(f)(1)(B). Property that is considered to be a household good is listed in § 522(f)(4)(A), while property that is specifically excluded from the definition of household goods is listed in § 522(f)(4)(B).[5] The excluded property in subsection (B) is made up of five groupings. The first four categories are clearly delineated by type (i.e., (i) works of art, (ii) electronic equipment, (iii) antiques, and (iv) jewelry). The fifth category is simply a miscellaneous grouping of items:

---

[4] The full list of property enumerated in § 522(f)(1)(B) is:
  (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
  (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
  (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

[5] The full text of § 522(f)(4) is as follows:
  (4)(A) Subject to subparagraph (B), for purposes of paragraph (1)(B), the term "household goods" means--
    (i) clothing;
    (ii) furniture;
    (iii) appliances;
    (iv) 1 radio;
    (v) 1 television;
    (vi) 1 VCR;
    (vii) linens;
    (viii) china;
    (ix) crockery;
    (x) kitchenware;
    (xi) educational materials and educational equipment primarily for the use of minor dependent children of the debtor;
    (xii) medical equipment and supplies;
    (xiii) furniture exclusively for the use of minor children, or elderly or disabled dependents of the debtor;
    (xiv) personal effects (including the toys and hobby equipment of minor dependent children and wedding rings) of the debtor and the dependents of the debtor; and
    (xv) 1 personal computer and related equipment.
  (B) The term "household goods" does not include--
    (i) works of art (unless by or of the debtor, or any relative of the debtor);
    (ii) electronic entertainment equipment with a fair market value of more than $650 in the aggregate (except 1 television, 1 radio, and 1 VCR);
    (iii) items acquired as antiques with a fair market value of more than $650 in the aggregate;
    (iv) jewelry with a fair market value of more than $650 in the aggregate (except wedding rings); and
    (v) a computer (except as otherwise provided for in this section), motor vehicle (including a tractor or lawn tractor), boat, or a motorized recreational device, conveyance, vehicle, watercraft, or aircraft.

8

a computer (except as otherwise provided for in this section), **motor vehicle (including a tractor or lawn tractor),** boat, or a motorized recreational device, conveyance, vehicle, watercraft, or aircraft.

11 U.S.C. § 522(f)(4)(B)(v)(emphasis added). The context here is especially important: lawn tractor is not listed as an independent item, but rather it is an appendage (and possibly an extension) of the term "motor vehicle."

If a riding lawn mower is considered a lawn tractor, then it is not a household good and a debtor may not avoid a lien placed on that type of property. If, however, a lawn mower is not considered a lawn tractor, then the debtor may be able to avoid a lien fixed on it—depending on whether the property fits within a category listed in subsection § 522(f)(1)(B).

## B. Ordinary Meaning of "Lawn Tractor"

With this particular context in mind, the Court now focuses on the term itself—"lawn tractor." When analyzing a debtor's exemptions under federal law, the exemptions are to be construed liberally in favor of the debtor. *See In re Lusiak*, 247 B.R. 699, 703 (Bankr. N.D. Ohio 2000). That said, a court may not depart from statutory language or "extend the legislative grant," even under the guise of liberal construction of the exemption. *In re Pace*, 521 B.R. 124, 127 (Bankr. N.D. Miss. 2014). As with the interpretation of any statute, the Court begins its interpretation with the plain language of the statute itself. *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240-41 (1989).

The Bankruptcy Code does not define "lawn tractor," therefore the Court must "look first to the word's ordinary meaning." *Schindler Elevator Corp. v. U.S.*

9

*ex rel. Kirk,* 563 U.S. 401, 403 (2011).  In determining the common, ordinary meaning of a term, courts often look to dictionaries.  *Id.*  A "lawn tractor" is not defined in any dictionary, but the term "tractor" is defined as: "vehicle used for hauling machinery, heavy loads, etc.," *Oxford Desk Dictionary and Thesaurus: American Edition* (2d ed. 1997), or "a small vehicle, powered by gasoline or diesel motor, having large, heavily treaded tires, and used in farming for pulling machinery," *American Heritage Dictionary: New College Edition* (1981).  On the other hand, a lawn mower is defined as: "a rotary-blade machine for cutting grass," *American Heritage Dictionary*.

From the dictionary definitions, the term "tractor" implies something more than a machine simply used for cutting grass.  The distinguishing mark of a tractor, according to the dictionaries, is hauling or powering other tools.

C.     Applicable Case Law

The Court of Appeals for the Fifth Circuit has not interpreted "lawn tractor" but it has provided helpful guidance by interpreting the term "motor vehicle" in the bankruptcy context.  *Boyce v. Greenway (Matter of Greenway),* 71 F.3d 1177, 1179 (5th Cir. 1996).  In *Greenway,* the Fifth Circuit held that a motorboat is not a motor vehicle for the purpose of § 523(a)(9).[6]  *Id.* at 1181.  In rejecting the plaintiff's argument that "motor" and "vehicle" should be defined separately, the Fifth Circuit warned against adopting a broad definition to the term:

---

[6] After *Greenway,* Congress amended § 523(a)(9) to add "vessel" to that provision, effectively superseding *Greenway*.  This subsequent legislation does not change the Fifth Circuit's reasoning in *Greenway.*

10

>a technical definition of the term 'motor vehicle' would result in including within the statute motorized wheelchairs, golf carts, **riding lawn mowers**, and perhaps even children's toys. Reading the term in this way would be overbroad, and would not comport with the Supreme Court's view that in interpreting the Bankruptcy Code, we must try to discern the 'natural reading' of the language in question.

*Id.* at n.7 (emphasis added). From this, it is clear that the Fifth Circuit was wary of giving the term "motor vehicle" an expansive meaning that would include simple riding lawn mowers.

Several bankruptcy courts have considered whether a lawn mower is a household good, but few have included an interpretation of "lawn tractor" in their opinion. One bankruptcy court that did directly address whether a lawn mower is a lawn tractor held that a John Deere riding lawn mower is a household good, and not a lawn tractor. *In re Little*, No. 05-10518-8-JRL (Bankr. E.D.N.C. Mar. 10, 2006). That court went through the plain meaning of the terms, the dictionary definitions provided for each, and the trade usage of the terms. *Id.* at *3. The court noted that John Deere markets lawn tractors and riding mowers separately, thereby recognizing a distinction between the two terms. *Id.* While the court did not specify what type of John Deere riding mower was in question, it implied that it was not a product that John Deere marketed as a lawn tractor. At the end of its analysis, the court held that "a riding lawn mower cannot be excluded from 'household goods' for being a 'lawn tractor' or a 'tractor.'" *Id.* The court then concluded that "a riding lawn mower, which operates on fuel and is designed for the specific purpose of cutting grass" fits into the "appliance" category in § 522(f)(4)(A)(iii). *Id.* at *6.

Few courts have addressed the distinction between lawn tractors and lawn mowers. The two cases cited here are the most helpful in resolving the current dispute. Gleaning from the ordinary meaning of "lawn tractor," as seen in the dictionary and in common usage, coupled with the holdings of other courts on the subject, the distinguishing marks of a lawn tractor are evident.

D. **Distinction Between Riding Lawn Mowers and Lawn Tractors, and Application to the Current Case**

The common meaning of "lawn tractor" and the qualities that distinguish it from other equipment must be given proper effect. According to the common meaning of "lawn tractor" and the cases that have parsed the meaning of that term, a lawn tractor is a vehicle used to haul or power implements, not limited to a rotary blade, and that may be used for diverse lawn functions. In contrast, an item of lawn equipment that is manufactured with a rotary blade affixed to it and used predominately for cutting grass is a lawn mower. The term "lawn tractor" may encompass vehicles used to mow lawns, but the term is broader than that. To be sure, just because a lawn mower has the ability to utilize simple attachments does not make it a lawn tractor, so long as the mower cannot functionally be used for other substantive tasks. For example, riding lawn mowers that are capable of hauling, excavating, or plowing, are lawn tractors. Riding lawn mowers, such as zero turn mowers and other basic rear-engine mowers—which typically are not capable of hauling, plowing, and other various lawn tasks—are not lawn tractors.

This test gives meaning to all terms in the statute and attempts to walk the narrow path between two tempting but flawed interpretations. On one side, there

12

is the position that all riding lawn mowers are lawn tractors; thereby, negating the ordinary meaning of "tractor." On the other side, is the stance that no riding lawn mower is ever a lawn tractors; thereby effectively reading "lawn tractor" out of the statute. For then, a lawn tractor would become a purely hypothetical concept.[7] If some riding lawn mowers that have the capacity for hauling and performing other tractor-like tasks are not to be considered lawn tractors, then where would one come across a lawn tractor? A quick search online or in a lawn equipment store would show the difficulty in finding a lawn tractor that does not cut grass; and, as a result, some crossover in riding lawn mowers and lawn tractors is inevitable. Sometimes bright line rules cannot be forced, and the delineation will not always be crystal clear.

This reasoning also comports with the language of § 522(f)(4) and furthers the policies behind exemptions and lien avoidance. Most debtors need a lawn mower to maintain their property, and possibly even to avoid violating local covenants or yard regulations. However, a lawn tractor is not necessary for the basic maintenance of a home, and as a result, Congress has expressly stricken lawn tractors from the list of household goods.

The Riding Mower, a Murray Select rear-engine riding lawn mower, has a rotary blade and one main function: to cut the Debtor's grass. It cannot be used to haul any serious weight or for any other material tasks. While it might be possible

---

[7] The Court's task is to interpret the term chosen by Congress, and to do so in a way that does not read the term out of the statute, if possible. *TRW, Inc. v. Andrews,* 534 U.S. 19, 31 (2001)(holding that it is "a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant")(internal quotations omitted).

for the Debtor to use the Riding Mower in other capacities, it was made for the purpose of cutting grass and any other function would be a secondary, less efficient use. Therefore, the Riding Mower is not a lawn tractor, and hence, is not *per se* excluded from the list of "household goods."

### E.    Whether the Riding Mower is an "Appliance"

Although the Riding Mower is not a lawn tractor, that fact does not automatically make it a household good. The two lists provided in § 522(f)(4) are to be viewed separately, and to be classified as a household good the property must both (1) fall within a category provided in §522(f)(4)(A) and (2) not be listed in § 522(f)(4)(B).[8] The Riding Mower is not an item listed in § 522(f)(4)(B), so the second question has been answered. As to the first question, the list of household goods in § 522(f)(4)(A) does not specifically include lawn equipment, so the Riding Mower must fit within some other category enumerated in that section. *In re Zieg,* 409 B.R. 917, 920-21 (Bankr. W.D. Mo. 2009). Alternatively, if it is not a household good, the Court would then consider whether the property fits within any other provision listed in § 522(f)(1)(B).

Several bankruptcy courts have held that a lawn mower is an "appliance." *Yawn,* 2010 WL 599392, at *3; *Zieg,* 409 B.R. at 921; *In re Irwin*, 232 B.R. 151, 153-54 (Bankr. D. Minn. 1999); *In re Wiford*, 105 B.R. 992, 1002 (Bankr. N.D. Okla.

---

[8] At first blush, it may seem odd that Congress would bother to add subsection (B) at all. However, that provision is there to ensure that particular items would not be included in one of the many categories in subsection (A). For example, Congress listed "antiques with a fair market value of more than $ 650 in the aggregate" in (B)(iii) because presumably an antique would otherwise have been seen as "furniture," which is a category under subsection (A)(xiii). In the same manner, "lawn tractors" were listed in (B)(v) so that they would not be included in a category listed in (A).

1989). One court, acknowledging that lawn equipment is not the first thing that comes to mind when thinking of appliances, opined:

> [Appliance] is generally defined as 'a device or piece of equipment used for a specific task, esp. a machine for domestic use.' Although a lawn mower and weedeater may not come immediately to mind when thinking about an 'appliance' in the way that a stove or refrigerator does, they certainly fit within the general definition of the term, and at least two courts have similarly held . . . As 'machines for domestic use,' the mowers and weedeater are appliances, and thus 'household goods' under § 522(f)(4)(A).

*Zieg,* 409 B.R. at 921. Another court has noted that "[i]n the broadest sense an 'appliance' is a thing used as a means to an end." *Beard v. Plan (Matter of Beard),* 5 B.R. 429, 431 (Bankr. S.D. Iowa 1980).

Under this definition of "appliance" that has been adopted by most courts, a distinction would perforce be made between a lawn mower that can only be used to cut grass and a lawn tractor that can cut grass but is also capable of carrying out various other tasks. Read in this way, categorizing some lawn mowers as appliances would further the purpose of the statute. A lawn mower that is only capable of cutting grass may be considered a necessity that would "easily fit into the legislature's intent to protect the Debtor from want." *Irwin,* 232 B.R. at 154. Furthermore, this definition coincides with the test for distinguishing lawn tractors from lawn mowers. A lawn tractor is a vehicle that may be used for many different tasks, but the riding lawn mower is generally limited to one, which means that a riding lawn mower falls within the definition of an appliance while a lawn tractor does not.

15

A lawn mower that is a "piece of equipment used for a specific tasks"—to cut grass—is considered an appliance. *Zieg,* 409 B.R. at 921. The Riding Mower is a machine for domestic use and is made for the specific task of cutting grass. As such, it is an appliance for the purposes of § 522(f).[9] Therefore, the lien encumbering the Riding Mower may be avoided under § 522(f)(1)(B).

## IV. CONCLUSION

A debtor's actual use of the mower is not necessarily dispositive, nor is the manner in which the product is marketed. Cost is also not the determinative factor. A zero turn mower may be more expensive than some lesser lawn tractors. Instead, the test must turn on the capability of the lawn mower in question, and whether that lawn mower coincides with the nature of a "lawn tractor," as the term is commonly understood. Because the Riding Mower does not possess the qualities that characterize a lawn tractor, the Debtor may avoid the lien fixed on it. Accordingly, it is hereby

**ORDERED, ADJUDGED**, and **DECREED** that the Motion (Dkt. # 10) is **GRANTED.** Further, the Objection (Dkt. # 31) is **OVERRULED.**

##END OF ORDER##

---

[9] While the lien on the Riding Mower can be avoided because it is found to be an appliance under §522(f)(4)(A)(iii), it also could possibly be classified as an appliance pursuant to § 522(f)(1)(B)(i).